1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MISS JAY FRANK FISCHER, | CASE NO. C17-6075 BHS |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, DISMISSING COMPLAINT WITHOUT PREJUDICE, AND GRANTING PLAINTIFF LEAVE TO AMEND |
| v. | |
| WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

8

9

10

11

12

13

14     This matter comes before the Court on Plaintiff Miss Jay Frank Fischer's

15 ("Fischer") motion to proceed *in forma pauperis* (Dkt. 1) and proposed complaint (Dkt.

16 1-1).

17     On December 28, 2017, Fischer filed the instant motion and proposed complaint.

18 *Id*. Fischer asserts a claim under Title II of the Americans with Disabilities Act of 1990

19 (the "ADA") against Defendant Washington State Department of Corrections ("DOC")

20 requesting that the Court vacate Fischer's current DOC community custody term. Dkt. 1-

21 1 at 4. Fischer also asserts a claim against community corrections officer Bryan Peik for

22 stealing Fischer's wallet. *Id*.

1    The district court may permit indigent litigants to proceed *in forma pauperis* upon

2    completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a); W.D. Wash.

3    Local Rules LCR 3(b). However, the "privilege of pleading *in forma pauperis* . . . in

4    civil actions for damages should be allowed only in exceptional circumstances." *Wilborn*

5    *v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). The court has broad discretion in denying

6    an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir.

7    1963), *cert. denied* 375 U.S. 845 (1963).

8         Even if Fischer establishes indigency, the Court "may deny leave to proceed *in*

9    *forma pauperis* at the outset if it appears from the face of the proposed complaint that the

10   action is frivolous or without merit." *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368,

11   1370 (9th Cir. 1987). The Court, however, must allow Fischer "an opportunity to amend

12   [the] complaint unless it is 'absolutely clear that the deficiencies of the complaint could

13   not be cured by amendment.'" *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir.

14   1984) (quoting *Stanger v. City of Santa Cruz*, 653 F.2d 1257, 1257–58 (9th Cir. 1980)).

15        In this case, the Court finds that Fischer has failed to establish exceptional

16   circumstances or assert meritorious claims. The Court is unaware of any authority under

17   the ADA that allows the Court to vacate a state-imposed community custody sentence.

18   Moreover, without the federal claim, the Court does not have jurisdiction over Fischer's

19   claim against officer Peik. Therefore, the Court **DENIES** the motion to proceed *in forma*

20   *pauperis*, **DISMISSES** the complaint **without prejudice**, and **GRANTS** Fischer leave to

21   amend. Fischer shall file an amended complaint no later than February 2, 2018. Failure

22   to file an amended complaint or otherwise respond will result in **DISMISSAL**.

1  **IT IS SO ORDERED**.

2  Dated this 3rd day of January, 2018.

_____

BENJAMIN H. SETTLE

United States District Judge